UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                            :

MAKUHARI MEDIA LLC                           :     Civil Action
                                                                                      No. 17-CV-5363
    Plaintiff,                                       :
                                                                                             (Dearie, J.)
       - v. -                                     :     (Levy, M.J.)

FEDERAL BUREAU OF INVESTIGATION,
                                                                                                 :
    Defendant.
                                                                                                  :
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

      There is no dispute in this matter that the purpose of the Freedom of Information Act is to allow citizens (frequently, as here, through the press) to gain access to government documents so that they may know what their government is up to.

      There can be no dispute in this action that the documents Plaintiff seeks – concerning the FBI's investigation into gambling in the NBA – touch on an issue of significant public concern, particularly given the Supreme Court's recent ruling that paved the way for legalized sports gambling and the NBA's expressed intention to allow such gambling, provided it gets a piece of the action. How and to what extent the FBI investigated the betting scheme Donaghy became involved in is therefore of paramount public concern.

There also is no dispute that Tim Donaghy and some of his accomplices have been convicted of federal crimes, served prison sentences, and went on to detail their misdeeds in books and multiple interviews over the past decade.

There likewise is no dispute here that the documents provided by the FBI in response to Plaintiff's request have been, virtually without exception, redacted to the point that they convey no substantive information whatsoever. Indeed, the Bureau has either redacted beyond recognition or failed to produce entirely the 302 reports reflecting what Donaghy and his accomplices told the FBI about their misconduct, at least some of which no doubt was included in their respective books.

More simply put, the Bureau apparently has taken the position, through its redactions and papers filed with the instant motion, that the material requested by Plaintiff presumptively is not subject to disclosure, contrary to FOIA's mandate. Notably, and perhaps to its credit, the Bureau has invited the Court to review the disputed materials *in camera*. Plaintiff accepts this invitation and asks that that the Court do so as well.

## ARGUMENT

First, Defendant contends that each of the statements in its Rule 56 Statement be taken as true because Plaintiff has not submitted a countervailing statement of facts in dispute. (Reply at 1.) This requires little attention given that the government has taken the position in other FOIA matters that a Rule 56 Statement is unnecessary. Perhaps more to the point, a Rule 56 Statement is little more than a waste of time (if that) in a FOIA action where, as here, summary judgment typically precedes discovery, making it nothing short of impossible for Plaintiff to dispute the government's factual assertions concerning, for example, the scope or adequacy of the its search for responsive documents.

Plaintiff are happy to conduct discovery and depose those who conducted the search for documents in response to the Request, as well as any other relevant witnesses, if the Bureau wishes to rely on its argument that a countervailing Rule 56 Statement is required.

Second, Defendant contends that its reading of Plaintiff's Request was reasonable. At the same time, the FBI concedes that in responding to that Request it identified a multi-subject investigative file (Reply at 4), but only reviewed and produced (albeit redacted to the point of meaninglessness) a fraction of the materials in that file. It bears noting that the Bureau refused to produce any documents containing the actual substance of what Donaghy and his accomplices said to the FBI about the betting scheme, the information he and others passed on to professional gamblers or others or, for that matter, anything at all, as the Court will see in an *in camera* reviewby comparing what was produced with what was redacted.

More simply put, the FBI has responded to a FOIA request seeking (among other things) the substance of Donaghy's communications with the Bureau about gambling in the NBA by producing nothing of substance at all. In effect, the FBI has turned FOIA on its head, and seemingly presumed that that its documents are non-public unless Plaintiff can prove otherwise.

Third, the Bureau contends that Donaghy and his accomplices are entitled to a presumption of privacy and confidentiality that none of them has sought and, to the contrary, have seemingly rejected. Indeed, Donaghy and Battista have, since their convictions, either written or contributed materially to books detailing their own exploits and the exploits of those around them in the gambling scheme that make clear their professed intention and actions to publicize their conduct. *See, e.g. Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1091 (D. D.C. 2014). The old saw is that politics makes strange bedfellows. Apparently so too the law, as the FBI now seeks to conceal documents concerning

the very criminal conduct the felons at issue have disclosed and exploited for their personal, post-conviction gains.

Fourth, if the FBI's segregatability determination is proper in these circumstances, as it contends (Reply p. 13), it is all but certain that the Freedom of Information Act's mandate of public disclosure is meaningless as the Bureau has produced virtually no documents containing intelligible information, much less information that would allow a reasonably intelligent citizen to glean the nature or extent of the Bureau's investigation into NBA gambling. It strains credulity to argue, as Defendant does, that it has met its burden to produce material that can reasonably be segregated from exempt information when the FBI has, at base, produced no information at all.

Finally, the NBA betting scandal was and remains a matter of intense public interest, and it will soon be the subject of a major motion picture.[1]  Perhaps more importantly, now that the NBA has made clear that it intends to allow, and profit from, betting on its games in the wake of the Supreme Court decision striking down the Professional and Amateur Sports Protection Act, the extent and thoroughness of the FBI's investigation, including into how games were manipulated to help profit gamblers, is of paramount public concern and interest.  This is particularly so because Donaghy has consistently maintained that he provided more information about misconduct in the NBA than the FBI and Department of Justice have acknowledged, thereby raising questions about the adequacy of the government's investigation.

---

[1] An article concerning the film can be accessed at https://www.hollywoodreporter.com/news/will-sasso-scott-wolf-star-nba-betting-scandal-drama-inside-game-1114329.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment in its entirety and with prejudice, grant Plaintiff's motion for summary judgment, and award Plaintiff his attorneys' fees and such other and further relief the Court deems just and proper.

                                                          The Law Office of Samuel M. Leaf, LLC
*Attorneys for Plaintiff*
325 East 57th Street
New York, New York 10022
(646) 584-4486
sleaf@samuelmleaf.com

By:    /s/ *Samuel M. Leaf*
           Samuel M. Leaf