12/13/19
Adopted without
objection and without
qualification.
So ordered
s/RJD
RD 12/13/19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MAKUHARI MEDIA LLC,

                Plaintiff,

  -against-

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.
---------------------------------------------------------------X

REPORT AND
RECOMMENDATION
17 CV 5363 (RJD)(RML)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
DEC 13 2019
BROOKLYN OFFICE

LEVY, United States Magistrate Judge:

      By order dated August 30, 2019, the Honorable Raymond J. Dearie, United States District Judge, referred plaintiff's letter dated August 29, 2019 to me for resolution. I held a telephone conference on September 19, 2019 (see Transcript of Telephone Conference, dated Sept. 19, 2019 ("Tr."), Dkt. No. 66), after which the parties filed supplemental submissions.

      Plaintiff Makuhari Media LLC ("plaintiff" or "Makuhari"), a film production company, commenced this action on April 27, 2017, seeking records from the Federal Bureau of Investigation ("defendant" or the "FBI") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (See Complaint, dated Apr. 27, 2017, Dkt. No. 1.)[1] The parties cross-moved for summary judgment. (See Defendant's Motion for Summary Judgment, dated Apr. 30, 2018, Dkt. No. 40; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary

---

[1] This case was originally filed in the Southern District of New York. It was transferred to this court on September 1, 2017, after the complaint was amended twice. Plaintiff seeks production of FBI records related to the investigation and conviction of a former NBA referee who pleaded guilty to gambling on games he officiated. (See Second Amended Complaint, filed Aug. 2, 2017 ("Second Am. Compl."), Dkt. No. 22.) In response to plaintiff's FOIA request the FBI released 676 pages of records in full or in part, and withheld certain information and records pursuant to FOIA Exemptions 3, 6, 7(A), 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552(b)(3), (6), (7)(A), (7)(C), (7)(D), and (7)(E). In its complaint, plaintiff challenged those withholdings, as well as the adequacy of the FBI's search for responsive records. (See Second Am. Compl.)

Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment, filed June 8, 2019, Dkt. No. 45.) By Memorandum and Order dated March 29, 2019, Judge Dearie granted in part and denied in part both motions, and ordered the FBI to disclose name and identifying information for two individuals in documents responsive to Makuhari's request. (See Memorandum and Order, dated Mar. 29, 2019, Dkt. No. 56.)[2] On April 18, 2019, plaintiff moved for reconsideration. (See Letter of Samuel M. Leaf, Esq. and Daniel R. Novack, Esq., dated Apr. 18, 2019, Dkt. No. 57.) The FBI opposed the motion, and Judge Dearie denied it on June 13, 2019, holding that plaintiff had "presented no evidence to upset the Court's prior holding that the exemptions cited reflect a proper exercise of the FBI's prerogatives under FOIA." (See Memorandum and Order, dated June 13, 2019, Dkt. No. 60, at 4.) Judgment was entered on July 17, 2019. (See Clerk's Judgment, dated July 17, 2019, Dkt. No. 61.)

Plaintiff wrote to the court on August 29, 2019, alleging that the FBI's production of materials did not comply with the court's order and requesting a conference. (See Letter of Samuel M. Leaf, Esq. and Daniel R. Novack, Esq., dated Aug. 29, 2019 ("Pl.'s Aug. 29th Ltr."), Dkt. No. 62.) Judge Dearie referred the issue to me and I held a telephone conference, at which I directed supplemental briefing. (See Minute Entry, dated Sept. 19, 2019.) Both parties timely filed supplemental letters. (See Letter of Samuel M. Leaf, Esq. and Daniel R. Novack, Esq.,

---

[2] Familiarity with this Memorandum and Order is assumed. Briefly, Judge Dearie held that the FBI had met its burden of demonstrating in sufficient detail that it conducted an adequate search for records responsive to Makuhari's request and withheld information that logically fell under FOIA Exemptions 3, 7(A), 7(D) and 7(E) or was permissible under FOIA's reasonable segregation provision. Judge Dearie also found that plaintiff had failed to adduce any non-conclusory, tangible evidence showing the FBI's bad faith or that these exemptions should not apply. (See Memorandum and Order, dated Mar. 29, 2019, Dkt. No. 56.) However, the court concluded that the FBI had improperly redacted the names and personal identifying information of two co-conspirators, and ordered the FBI to disclose their names and identifying information in the documents responsive to plaintiff's FOIA request. (Id.) The FBI released those records in a supplemental production on July 5, 2019.

dated Oct. 10, 2019 ("Pl.'s Oct. 10th Ltr."), Dkt. No. 64; Letter of AUSA Matthew J. Modafferi, dated Oct. 23, 2019 ("Def.'s Oct. 23rd Ltr."), Dkt. No. 65.) Having reviewed the parties' submissions, I find that plaintiff has not presented adequate grounds for the relief it requests.

The FBI asserts a number of objections, noting that plaintiff received the FBI's supplemental production—made in accordance with the court's Memorandum and Order—on July 5, 2019. (See Def.'s Oct. 23rd Ltr.) The production consisted of eleven pages. (Id.) The court entered a final judgment twelve days later, on July 17, 2019. Under Rule 59(e), plaintiff had twenty-eight days, or until August 14, 2019, to file a motion to alter or amend the judgment. (See FED. R. CIV. P. 59(e).) It did not seek any relief until August 29, 2019. Therefore, defendant is correct that plaintiff has no recourse under Rule 59.

Likewise, plaintiff has no grounds to request relief from judgment under Rule 60(b).[3] Under that rule, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing 12 Moore's Federal Practice §

---

[3] A motion under Rule 60(b) must be made "within a reasonable time." FED. R. CIV. P. 60(c). The FBI does not argue that the motion is untimely.

60.25 (Matthew Bender 3d 2004)). The district court is "vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." Computer Prof'ls for Soc. Responsibility v. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996).

Plaintiff invokes Rule 60(b)(2), arguing that it "worked diligently" after the FBI's supplemental production of "new evidence" to "develop the record necessary to pursue this issue." (Pl.'s Oct. 10th Ltr. at 4.) Rule 60(b)(2) defines "newly discovered evidence" as evidence that "with reasonable diligence, could not have been discovered in time" to move under Rule 59, i.e., within twenty-eight days of the entry of judgment. Since the FBI's supplemental production took place on July 5, 2019, twelve days before the entry of judgment, plaintiff does not point to any "newly discovered evidence" that could not have been discovered by August 14, 2019, twenty-eight days after judgment was entered. This rule therefore does not apply.

Finally, plaintiff cites Rule 60(b)(6), the catch-all provision, arguing that it is seeking clarification of the court's order, and of the basis for the FBI's claim of a confidential source exemption, and that its segregation argument "goes to the enforcement of the Court's orders, not reconsideration of them." (Id.) It also requests the opportunity to provide further briefing on the issues it has raised concerning the FBI's supplemental production, and on the standard of review under Rules 59 and 60. (Id. at 4-5 & n.2.)

"The Supreme Court has consistently held that Rule 60(b)(6) motions should only be granted in 'extraordinary circumstances.'" Jarvis v. Parker, 13 F. Supp. 3d 74, 80 (D.D.C. 2014) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)); see also Justice v. City of New York, No. 13 CV 4016, 2015 WL 4523154, at *2 (E.D.N.Y. July 27, 2015) (Rule 60(b)(6) motions "are disfavored and should only be granted upon a showing of 'extraordinary circumstances, or extreme hardship.'") (quoting De Curtis v. Ferrandina, 529 F. App'x 85, 86

(2d Cir. 2013)); Socialist Republic of Romania v. Wildenstein & Co., 147 F.R.D. 62, 64 (S.D.N.Y. 1993) ("Rule 60(b)(6) may be invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.") (citing Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986)) (internal quotations and additional citation omitted). The Supreme Court has defined extraordinary circumstances that justify relief under Rule 60(b)(6) "as errors which rise above 'excusable neglect.'" Hamilton v. Lee, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting Klapprott v. United States, 335 U.S. 601, 613 (1949)), aff'd on other grounds, 707 F. App'x 12 (2d Cir. 2017) (summary order), cert. denied sub nom., Hamilton v. Griffin, 138 S. Ct. 668 (2018). In evaluating the propriety of a Rule 60(b)(6) motion, a district court must "balance[ ] the interest of granting [the] motion to accomplish justice against the interest of finality of litigation." Socialist Republic of Romania, 147 F.R.D. at 64. "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).

Plaintiff comes nowhere close to establishing the kinds of "extraordinary circumstances" or "extreme and undue hardship" that warrant relief under Rule 60(b)(6).[4]

---

[4] It bears noting that in evaluating a claim for FOIA exemption, a district court must accord affidavits submitted by an agency a presumption of good faith. Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 69 (2d Cir. 2009); Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citations
(Continued....)

Indeed, it cites no error whatsoever in Judge Dearie's decisions, and no issues left unresolved. Rather, the motion appears to be an impermissible attempt to relitigate the court's March 29, 2019 Memorandum and Order and its June 13, 2019 decision denying plaintiff's motion for reconsideration. Having reviewed plaintiff's submissions, I cannot find any legal basis for granting plaintiff's motion on the merits, or any grounds for allowing it to submit yet more briefing on these issues. Accordingly, I respectfully recommend that plaintiff's request be denied.[5]

Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Dearie and to my chambers, within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
November 22, 2019

---

omitted). Moreover, *in camera* review is disfavored and is only appropriate "when agency affidavits are not sufficiently detailed to permit meaningful assessment of the exemption claims." Sorin v. U.S. Dep't of Justice, 280 F. Supp. 3d 550, 567 (S.D.N.Y. 2017), aff'd, 758 F. App'x 28 (2d Cir. 2018), cert. denied, 139 S. Ct. 2674 (2019). Here, plaintiff does not allege bad faith on the FBI's part, let alone provide any support for such a claim. (See Tr.) Nor does plaintiff put forth a sufficient justification for conducting an *in camera* review.

[5] Although Judge Dearie referred this matter to me for resolution, in an excess of caution I am issuing a report and recommendation rather than ruling directly on plaintiff's motion. See 28 U.S.C. § 636.