UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAKUHARI MEDIA LLC,

                Plaintiff,                           REPORT AND
                                                                    RECOMMENDATION
   -against-                                          17 CV 5363 (RJD)(RML)

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated January 28, 2020, the Honorable Raymond J. Dearie, United States District Judge, referred plaintiff's motion for attorney's fees to me. For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.

        Familiarity with the background of this case is assumed. Briefly, plaintiff Makuhari Media LLC ("plaintiff" or "Makuhari"), a film production company, commenced this action on April 27, 2017, seeking records from the Federal Bureau of Investigation ("defendant" or "FBI") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (See Complaint, dated Apr. 27, 2017, Dkt. No. 1.) The parties cross-moved for summary judgment. (See Defendant's Motion for Summary Judgment, dated Apr. 30, 2018, Dkt. No. 40; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment, filed June 8, 2019 ("Pl.'s Mem."), Dkt. No. 45.) By Memorandum and Order dated March 29, 2019, Judge Dearie granted in part and denied in part both motions, and ordered the FBI to disclose the names and identifying information for two individuals in documents responsive to Makuhari's request. (See

Memorandum and Order, dated Mar. 29, 2019, Dkt. No. 56.)[1]  On April 18, 2019, plaintiff moved for reconsideration.  (See Letter of Samuel M. Leaf, Esq. and Daniel R. Novack, Esq., dated Apr. 18, 2019, Dkt. No. 57.)  Judge Dearie denied the motion on June 13, 2019, holding that plaintiff had "presented no evidence to upset the Court's prior holding that the exemptions cited reflect a proper exercise of the FBI's prerogatives under FOIA."  (See Memorandum and Order, dated June 13, 2019, Dkt. No. 60.)  Judgment was entered on July 17, 2019.  (See Clerk's Judgment, dated July 17, 2019, Dkt. No. 61.)

Plaintiff now requests a briefing schedule for a contemplated fee application pursuant to 5 U.S.C. § 552(a)(4)(E)(i).  (Letter of Samuel M. Leaf, Esq. and Daniel R. Novack, Esq., dated Jan. 13, 2020 ("Pl.'s Ltr."), Dkt. No. 69.)  Defendant opposes the request on timeliness grounds, arguing that plaintiff had fourteen days after the entry of judgment to file a motion for attorney's fees under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure.  (Letter of AUSA Matthew J. Modafferi, dated Jan. 15, 2020, Dkt. No. 70.)

Under FOIA's fee-shifting provision, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  Local Civil Rule 54.1(c)(7) states that "a motion for attorney fees and related nontaxable expenses shall

---

[1] Judge Dearie held that the FBI had met its burden of demonstrating in sufficient detail that it conducted an adequate search for records responsive to Makuhari's request and withheld information that logically fell under FOIA Exemptions 3, 7(A), 7(D) and 7(E) or was permissible under FOIA's reasonable segregation provision.  Judge Dearie also found that plaintiff had failed to adduce any non-conclusory, tangible evidence showing the FBI's bad faith or that these exemptions should not apply. (See Memorandum and Order, dated Mar. 29, 2019, Dkt. No. 56.) However, the court concluded that the FBI had improperly redacted the names and personal identifying information of two co-conspirators, and ordered the FBI to disclose their names and identifying information in the documents responsive to plaintiff's FOIA request.  (Id.)  The FBI released those records in a supplemental production on July 5, 2019.

2

be made within the time period prescribed by Fed. R. Civ. P. 54." Rule 54(d)(2), in turn, requires that a claim for attorney's fees be filed no later than fourteen days after the entry of judgment. FED. R. CIV. P. 54(d)(2); see also Squire v. Huntoon, No. 13 CV 3986, 2014 WL 3887190, at *1 (S.D.N.Y. July 15, 2014)("Rule 54(d)(2)(B) requires that a motion for attorney's fees be filed within fourteen days after entry of judgment.").

The fourteen-day time period for filing motions for attorney's fees under Rule 54 was intended, among other things, to align the resolution of fee requests with the time for appealing the merits of a case. See FED. R. CIV. P. 54 Advisory Comm. Note (1993 Amendments) ("One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed."). Therefore, the fourteen-day filing requirement is triggered by a case's final and appealable resolution. Mobley v. Dep't of Homeland Sec., 908 F. Supp. 2d 42, 45 (D.D.C. 2012). Here, the judgment entered on July 17, 2019 was final and appealable, triggering the fourteen-day filing requirement under Rule 54. Therefore, plaintiff had until July 31, 2019 to file a motion for attorney's fees.[2]

Plaintiff's argument that it did move for fees "in connection with the original summary judgment briefing . . . well before any judgment was issued" (Pl.'s Ltr. at 1) hardly bears addressing. It is true that plaintiff made one mention of attorney's fees in the conclusion of its cross-motion for summary judgment. (See Pl.'s Mem. at 20.) However, Rule 54(d)(2)(A) clearly anticipates that a claim for attorney's fees and related nontaxable expenses be made by formal motion. See FED. R. CIV. P. 54(d)(2) (a claim for attorney's fees "must be made by

---

[2] Plaintiff argues that its delay in filing the motion is excusable, since there was additional litigation after the judgment was entered. (Pl.'s Ltr. at 2.) However, plaintiff's letter motion requesting a conference to address the FBI's compliance with the court's order (Dkt. No. 62) was filed on August 29, 2019, nearly a month after the time limit for filing a fee application. Thus, its deadline to file the motion had already expired.

3

motion," and the motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," and also include "the amount sought or a fair estimate of it.")

Plaintiff's request for a briefing schedule for a motion for attorney's fees is untimely, and I therefore respectfully recommend that it be denied. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Dearie and to my chambers, within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
March 4, 2020